[L. A. No. 8841. Department Two.—December 14, 1927.]

ROBERT ADAMS, Respondent, v. WILLIAM R. ADAMS et al., Appellants.

[1] QUIETING TITLE — TENANCY AT WILL — SUFFICIENCY OF EVIDENCE.—In this action to quiet title, it is held that the trial court was justified in finding that the tenancy of the defendants upon the land in question was a tenancy at will or a tenancy from year to year at a rental of one-half of the crops produced, which tenancy could be and was terminated by a notice duly given.

[2] ID.—AGREEMENT TO MAKE WILL—LACK OF BREACH.—In such a case, where it appears that the parties are still in being and no interest in the title to the land in question has been conveyed by the owner, there is no showing of a breach of an alleged agreement by the owner of the land to make a will.

---

(1) 35 C. J., p. 969, n. 56.   (2) 40 Cyc., p. 1067, n. 84.

APPEAL from a judgment of the Superior Court of Riverside County. G. R. Freeman, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Benshoof for Appellants.

Frank L. Miller for Respondent.

SHENK, J.—In this action to quiet title the plaintiff had judgment from which the defendants appeal. The defendants contend that plaintiff offered in writing to put the defendant, William R. Adams, and his family on the

land in question for the remainder of plaintiff's life; that the defendants accepted the offer and that under this agreement the plaintiff was to have one-half of the crops raised on the land and was to devise the property to the defendants. The defendants urge that the trial court erred in denying their motion for a new trial on the ground that the decision is against law and that the court failed to find on all the material issues made by the pleadings. The material evidence is contained in letters which passed between the two brothers, the plaintiff and the defendant William R. Adams. The plaintiff was a resident of Beaumont in this state. The defendant and his wife and family were residents of Glasgow, Scotland. In the correspondence between the two brothers in 1921 the plaintiff made a proposition to his defendant brother that if the latter would come to California with his family the plaintiff would place him and his family on a forty-acre fruit ranch near Beaumont and give him one-half of all the crops grown on the ranch, the defendants to have the five-room house, rent free, and to pay one-half of the expense of producing the crops.

[1] Giving all proper weight to the testimony on behalf of the defendants, the trial court was justified in finding that the tenancy was a tenancy at will or a tenancy from year to year at a rental of one-half of the crops produced, which tenancy could be terminated and was terminated by notice duly given. [2] Whatever may be said otherwise as to the alleged agreement to make a will, it is enough to say that there is no evidence in the record of a breach of such an agreement or of an attempt on the part of plaintiff to divest himself of the property. The parties are still in being and no interest in the title to the land appears to have been conveyed by any of the correspondence in question. From an examination of the record we are satisfied that the court found on all the ultimate facts presented by the pleadings essential to a proper determination of the controversy. The judgment is, therefore, affirmed.

Richards, J., and Langdon, J., concurred.